UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

Case No. 2:13-cr-20110-1
2:16-cv-12051

v.

HONORABLE STEPHEN J. MURPHY, III

D-1 ALBERT GREER,

        Defendant/Petitioner.

                                  /

**OPINION AND ORDER**
**DENYING PETITIONER'S POST-JUDGMENT MOTION [97]**

On January 29, 2018, the Court denied Petitioner Albert Greer's motion to dismiss the indictment and denied his motion to vacate his sentence under 28 U.S.C. § 2255. ECF 96. On March 5, 2018, Petitioner filed a motion to alter or amend the judgment, or for relief from judgment, under Civil Rules 59 and 60, respectively ("Post-Judgment Motion"). ECF 97. The Court reviewed the briefs and finds that a hearing is unnecessary. E.D. Mich. LR 7.1(f). For the reasons below, the Court will deny the Post-Judgment Motion.

### BACKGROUND

On March 20, 2014, a jury convicted Petitioner of aiding and abetting bank fraud and conspiracy to commit bank fraud. ECF 50. The Court sentenced Petitioner to 168 months' imprisonment and three years' supervised release. ECF 60. Petitioner's trial counsel filed a notice of appeal and then filed a motion to withdraw as counsel, which the Sixth Circuit Court of Appeals granted. ECF 61; ECF 64, PgID

1

324. Petitioner then fled, and his appeal was dismissed "based on the fugitive disentitlement doctrine." *See* ECF 96, PgID 1467 (Court's order describing the events).

On June 6, 2016, Petitioner filed his motion to vacate his sentence pursuant to 28 U.S.C. § 2255. ECF 86. And on October 18, 2016, Petitioner filed a motion to dismiss his indictment and for immediate release. ECF 94. The Court denied both motions and declined to issue a certificate of appealability. ECF 96. The Sixth Circuit affirmed the Court's denial of a certificate of appealability because reasonable jurists would not debate the Court's decision. ECF 96.

On March 5, 2018, Petitioner filed the present Post-Judgment Motion. ECF 97. The motion included an affidavit from Francisco Saldana, a fellow prisoner, who swore that he prepared a Rule 15(c)(1)(B) motion to amend Petitioner's § 2255 motion in February 2017—more than six months after Petitioner filed his initial § 2255 motion. *Id.* at 1541–42. He further swore that he "advised [Petitioner] to mail [the motion to amend] on that date and to utilize [] the legal mail system [at the prison] in order to benefit from the mailbox rule." *Id.*

Petitioner's verified complaint[1] averred that he "provided his motion [to amend] and accompany[ing] affidavit and exhibit to the legal mail room staff." ECF 97, PgID 1514. Petitioner argues that the Court's inability to consider the motion to amend prior to disposing of his § 2255 motion justifies relief under Rules 59 or 60.

---

[1] Petitioner filed his Post-Judgment Motion under oath pursuant to 28 U.S.C. § 1746. *See* ECF 97, PgID 1519.

*See* ECF 97, PgID 1517 ("[Petitioner] maintains his position that the § 2255 proceeding[] was fatally infirm because [the motion to amend and its exhibits] [were] not resolved on [their] merits."). The Court must therefore consider whether Rules 59 or 60 provide an avenue for relief when the Court could not consider an attempted Rule 15 motion to amend. And in doing so, the Court must also consider whether Petitioner's motion to amend is meritorious.[2]

On March 29, 2018, Petitioner filed a notice of appeal from the order denying his motion to dismiss his indictment and vacate his sentence. ECF 99. The Sixth Circuit denied Petitioner a certificate of appealability and denied leave to proceed in forma pauperis on appeal. ECF 101. Then, on December 10, 2018, the Sixth Circuit dismissed Petitioner's petition for rehearing because it lacked jurisdiction. ECF 104. The Sixth Circuit remanded the case to the Court to decide the present Post-Judgment Motion. *Id.*

**STANDARD OF REVIEW**

I. <u>Rule 15 Standard</u>

A party may seek leave from the Court to amend its pleading with the Court's leave. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "An amendment relates back to the date of the original pleading when

---

[2] The Government's motion presents two alternative assumptions for the Court to consider: that Petitioner's motion to amend was filed (1) before the Court's decision, or (2) after the Court's order. *See id.* at 1571–72. Regardless of the timing of filing of the motion to amend, the motion was neither received by the Court nor filed on the docket.

3

. . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading." Fed. R. Civ. P. 15(c)(1).

Although courts are generally liberal in permitting amendments, justice does not require courts to grant leave when there is evidence of undue delay, bad faith or dilatory motive, repeated failure to cure, undue prejudice, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). An amendment is futile if it would not withstand a Rule 12(b)(6) motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *see also Clark v. United States*, 764 F.3d 653, 655 (6th Cir. 2014) (affirming the district court's denial of the habeas petitioner's motion to amend because it "would have been futile").

II.    Rule 59 Standard

The Court may grant a Rule 59(e) motion to alter or amend a judgment if there was: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)).

"To constitute 'newly discovered evidence,' the evidence must have been previously unavailable." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 617 (6th Cir. 2010) (quoting *GenCorp,* 178 F.3d at 834). Evidence was previously available—and thus insufficient to warrant an amended judgment—if it "could have been previously submitted in the exercise of reasonable diligence[.]" *Hurst v. Fed. Nat'l Mortg. Ass'n*, No. 14-CV-10942, 2015 WL 1757225, at *1 (E.D. Mich. Apr. 17,

2015) (quoting *Kenneth Henes Special Projects Procurement v. Cont'l Biomass Indus., Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000)).

A "[m]anifest injustice" is "[a] direct, obvious, and observable error in a trial court." *Manifest Injustice*, Black's Law Dictionary (9th ed. 2009). A "general definition of manifest injustice" has not developed, and courts "look at the matter on a case-by-case basis." *Estate of Romain v. City of Grosse Pointe Farms*, 2018 WL 3100907, at *2 (E.D. Mich. June 25, 2018) (quoting *McDaniel v. Am. Gen. Fin. Servs., Inc.*, No. 04-2667 B, 2007 WL 2084277, at *2 (W.D. Tenn. July 17, 2007)).

III. <u>Rule 60 Standard</u>

Rule 60(b) provides relief from a final judgment when there is "'some defect in the integrity' of the § 2255 proceedings." *United States v. Moon*, 527 F. App'x 473, 475 (6th Cir. 2013) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2015)). A "defect" is "[a]n imperfection or shortcoming." *Defect,* Black's Law Dictionary (11th ed. 2019). "Thus, a Rule 60(b) motion that challenges only the federal habeas court's ruling on procedural issues should be treated as a true Rule 60(b) motion rather than a successive petition." Brian R. Means, *Federal Habeas Manual* § 11:63 (2019).

**DISCUSSION**

I. <u>The Mailbox Rule</u>

Petitioner alleges that he placed a motion to amend his § 2255 petition in the mail one year before the Court ruled on his § 2255 motion. ECF 97, PgID 1514. The Court did not receive Petitioner's original motion to amend. Rather, the Court first

5

received Petitioner's motion to amend as an attachment to his Post-Judgment Motion. ECF 97, PgID 1527–40.

The "mailbox rule" provides that a pro se prisoner's court filing is deemed filed on the date he provides the document to prison officials to be mailed to the Court, not the date the Court actually receives the documents. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (citing *Fallen v. United States*, 378 U.S. 139 (1964)). But in most cases that involve the mailbox rule, courts eventually receive the documents—albeit tardily. The mailbox rule does not explicitly account for a scenario in which a court never receives the documents in question.

At least two appellate courts have applied the mailbox rule in cases when a filing was never delivered to or filed by the court, but the prisoner diligently followed up with the court about his filing. *See Huizar v. Carey*, 273 F.3d 1220, 1223 (9th Cir. 2001); *see also Stoot v. Cain*, 570 F.3d 669, 671–72 (5th Cir. 2009). Here, Petitioner was indeed diligent in following up by filing his Post-Judgment Motion.

"A prisoner can establish timely filing of a [pleading] under the prison mailbox rule by providing a declaration complying with 28 U.S.C. § 1746, a notarized statement, or other evidence showing that the notice was so deposited and that postage was prepaid." *Williams v. Rewerts*, No. 18-2170, 2019 WL 1620808, at *1 (6th Cir. Jan. 10, 2019) (citing Fed. R. App. P. 4(c)(1) and *United States v. Smotherman*, 838 F.3d 736, 738 (6th Cir. 2016)). Petitioner declared—pursuant to 28 U.S.C. § 1746—that he served his motion to amend "via first class U.S. mail postage prepaid on this 28 day of February, 2017, utilizing the legal mail system provided to prisoners

6

for mailing legal mail." ECF 97, PgID 1540. Additionally, the Government did not expressly refute Petitioner's claim that he mailed his motion to amend on February 28, 2017. ECF 105, PgID 1572 n.2. The Court will therefore conclude that Petitioner filed his motion to amend on February 28, 2017, and will consider the merits of his motion to amend when analyzing his Post-Judgment Motion.

II. <u>Petitioner's Motion to Amend</u>

Petitioner's Post-Judgment Motion alleges a procedural defect: the Court's failure to receive or consider his properly filed motion to amend. In order to address the merits of Petitioner's Post-Judgment Motion, the Court must first address the merit of the underlying motion to amend.

The motion to amend alleges that: (1) Craig Daly, Petitioner's trial attorney, was ineffective during plea negotiations and failed to inform Petitioner that he could plead guilty without a plea agreement; (2) Mr. Daly failed to file a motion to disqualify himself during the pretrial, trial, and sentencing phase of the trial; and (3) Petitioner's appellate counsel, Jeffrey P. Nunnari, "rendered ineffective assistance of . . . counsel during the appellate stage." ECF 97, PgID 1530, 1536–37, 1539. The Court will address each issue in turn

    *A. Plea Negotiations*

First, Petitioner alleges eight different reasons why Mr. Daly was ineffective during plea negotiations. *See* ECF 97, PgID 1530. He also alleges that Mr. Daly "[f]ailed to inform [Petitioner] about the possibility of pleading guilty without a plea agreement." ECF 97, PgID 1536. Petitioner, however, raised each above argument in

7

materials already considered by the Court its order denying Petitioner's motion to vacate his sentence. *See* ECF 96, PgID 1470–71, 1473–78. Because Petitioner already made the arguments he sought to add in his amendment, he was not entitled to leave to amend. *See Keweenaw Bay Indian Cmty. v. State of Mich.* 152 FRD 562, 563 (W.D. Mich. 1992) ("where the movant is attempting to obtain a complete reversal of the court's judgment by offering essentially the same arguments presented on the original motion, the proper vehicle for relief is an appeal").

### B. *Record of Hostility*

Second, Petitioner alleges that Mr. Daly failed to make a record of the hostility between himself and Petitioner, failed to file motions to disqualify himself, and failed to communicate with Petitioner. ECF 97, PgID 1537. The Court has continually and repeatedly addressed Petitioner's attacks on Mr. Daly, *see, e.g.,* ECF 96, PgID 1470–79, and found "[t]he record clearly reveals that defense counsel effectively represented [Petitioner] throughout the pre-trial and trial process," *id.* at 1479; *see also* ECF 80, PgID 1281. The portion of Petitioner's motion to amend that attacks Mr. Daly is another example of his "manipulative behavior [that] detracts from the meritorious claims potentially raised by other prisoners in § 2255 motions and by other filers in the Court." ECF 96, PgID 1473.

Additionally, during trial, Mr. Daly informed the Court that Petitioner claimed that there was a conflict and wished to represent himself. ECF 78, PgID 1061. Mr. Daly also stated that he responded to Petitioner's questions and that "[t]here [was] no breakdown in communications for purposes of [the] case between Mr. Greer and

[Mr. Daly]." ECF 78, PgID 1086. The Court denied Petitioner's motion to represent himself at trial, *id.* at 1093, and the next day, Petitioner informed the Court that "he loved [Mr. Daly] and [Mr. Daly] was his favorite lawyer," ECF 79, PgID 1226. It is clear from both the Court's previous findings and the record that Mr. Daly made an appropriate record and adequately represented Petitioner. Petitioner's claim therefore lacks merit.

### C. Appellate Counsel

Finally, Petitioner alleges that his appellate counsel, Mr. Nunnari, was ineffective. ECF 97, PgID 1539. But the Court addressed and rejected identical arguments in its order denying Petitioner's motion to vacate his sentence. ECF 96, PgID 1479. Because Petitioner fails to raise any new grounds that would justify relief, the Court will rely on its prior reasoning and find Petitioner's claim regarding his appellate counsel to be meritless. Because none of Petitioner's suggested grounds for amendment would change the Court's analysis, amendment would be futile. The Court will therefore deny Petitioner's motion for leave to amend.

### III. Petitioner's Post-Judgment Motion

Petitioner's Post-Judgment Motion likewise fails because he does not raise any arguments that change the outcome of the case. As discussed above, Petitioner's motion to amend lacks merit and amendment based on his suggested grounds would be futile. Because the Post-Judgment Motion seeks relief based solely on the Court's failure to consider Petitioner's motion to amend and the Court has now considered

and denied the motion to amend, the Court must also deny Petitioner's Post-Judgment Motion.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Petitioner's Post-Judgment Motion [97] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Amend [ECF 97, PgID 1527–40] is **DENIED**.

**SO ORDERED**.

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: October 18, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 18, 2019, by electronic and/or ordinary mail.

s/ Kristen MacKay  
Case Manager Generalist