UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

D-1 ALBERT GREER, SR.,

        Defendant.
                                /

Case No. 2:13-cr-20110-1

HONORABLE STEPHEN J. MURPHY, III

**ORDER DENYING
DEFENDANT'S MOTION FOR APPOINTMENT
OF COUNSEL [117] AND FOR REDUCTION OF SENTENCE [118]**

In 2014 a jury convicted Defendant Albert Greer, Sr. of one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 1349 & 1344 and one count of bank fraud aiding and abetting, in violation of 18 U.S.C. §§ 1344 & 2. ECF 60, PgID 313. The Court sentenced Defendant to 168 months of imprisonment. *Id.* at 314. Defendant was ordered to report to prison on September 30, 2014, but he failed to do so, and the Court issued a warrant for his arrest. ECF 66. Defendant was finally captured on October 7, 2015. ECF 83, PgID 1313. Defendant has now filed a motion to reduce his sentence under the compassionate release provision of the First Step Act, 18 U.S.C. § 3582, ECF 118, and a motion for appointment of counsel, ECF 117. Defendant represented that he is particularly susceptible to COVID-19 because of his age and underlying medical conditions. ECF 118, PgID 1649–50. The Government opposed Defendant's request for compassionate release. ECF 120.

1

To be eligible for compassionate release, Defendant must show that "extraordinary and compelling reasons" warrant a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Section 1B1.13 of the Sentencing Guidelines provides some guidance about what constitutes "extraordinary and compelling reasons." U.S.S.G. § 1B1.13. Those reasons are classified in four categories: (1) Defendant's medical condition; (2) Defendant's age; (3) family circumstances; and (4) additional reasons "other than, or in combination with" the first three categories. *Id.* at cmt. n.1(A)–(D).

Even if Defendant establishes "extraordinary and compelling reasons," he is ineligible for compassionate release if he is "a danger to the safety of any other person or to the community." USSG § 1B1.13(2). Dangerousness to the community constitutes "a broader construction than the mere danger of physical violence." *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989) (per curiam). As such, danger to the community may encompass economic harm. *See United States v. Reynolds*, 956 F.2d 192, 192 (9th Cir. 1992); *see also United States v. Stone*, 608 F.3d 939, 948 n.7 (6th Cir. 2010).

Here, Defendant demonstrated, and the Government conceded, that extraordinary and compelling reasons exist to warrant his release. ECF 118, PgID 1649–50; ECF 120, PgID 1666. Defendant has several serious underlying medical conditions, including stage IV chronic kidney disease, heart disease, and hypertension. ECF 118, PgID 1649–50. Defendant's medical conditions thus categorize him as high risk under the CDC's current guidelines. *See People with*

*Certain Medical Conditions*, CDC, (Sept. 18, 2020), https://bit.ly/31WKhck [https://perma.cc/L7A5-QLBA].

But Defendant remains a severe danger to the community. First, he was convicted of an extensive fraud scheme that preyed on the elderly. ECF 60; ECF 80, PgID 1297–98. Second, the Court gave Defendant the opportunity to self-surrender at the start of his prison sentence. ECF 80, PgID 1302–03. But Defendant chose to abscond, ECF 66, and he was not taken into custody to begin his prison sentence for roughly one year, ECF 83. Finally, Defendant stated that he "has an approvable home plan and family support where he will be able to self-quarantine until th[e] pandemic is over." ECF 118, PgID 1650. But there is no "home plan" attached to the pending motion, so the Court cannot evaluate Defendant's post-release employment and living plans. The Court finds that, given Defendant's lack of plans to support himself and his past criminal conduct, he will likely pose a danger to the community through potential economic harm, evasion of Court orders, and is therefore ineligible for compassionate release. The Court will deny the motion for release.

Defendant also moved for appointment of counsel to help him file a motion for compassionate release. ECF 117. But because the Court already reviewed and denied the compassionate release motion, the motion for appointment of counsel is moot.

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A) [118] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion for appointment of counsel [117] is **MOOT**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 21, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 21, 2020, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager

4