UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,

v.

ALBERT GREER, SR.,

           Defendant.

_____/

Case No. 2:13-cr-20110-1

HONORABLE STEPHEN J. MURPHY, III

## OPINION AND ORDER DENYING DEFENDANT'S
## MOTION FOR REDUCTION IN SENTENCE [118] AND
## SUPPLEMENTAL MOTION FOR COMPASSIONATE RELEASE [133]

In 2014, a jury convicted Defendant Albert Greer, Sr. of bank fraud and conspiracy to commit bank fraud. ECF 50. The Court sentenced Defendant to 168 months' imprisonment. ECF 60, PgID 314. The Court then ordered Defendant to report to prison in September 2014, but he failed to do so, and the Court issued a warrant for his arrest. ECF 66. Defendant was finally captured in October 2015. ECF 83, PgID 1313. Defendant later moved for appointment of counsel to help him file a compassionate release motion and for compassionate release under the First Step Act, 18 U.S.C. §3582(c)(1)(A). ECF 114, 117, 118. The Court denied both requests to appoint counsel, ECF 116, ECF 117, and the request for compassionate release because it found Defendant was a danger to the community, ECF 123, PgID 1718–19. Defendant then moved for reconsideration, ECF 125, and the Court denied relief, ECF 127. After the Court declined to reconsider the order, Defendant appealed. ECF 128.

While on appeal, the Government moved to remand the case. ECF 131, PgID 1766. The Sixth Circuit in turn granted the motion and vacated the Court's order because of a change in case law after the Court denied the motion for compassionate release. *Id.* at 1767; *see United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021); *United States v. Jones*, 980 F.3d 1098, 1108–11 (6th Cir. 2020). On remand, the Sixth Circuit instructed the Court to decide whether the sentencing factors under 18 U.S.C. § 3553(a) favor Defendant's release. ECF 131, PgID 1767. After the remand, Defendant filed a supplemental motion for compassionate release and again argued that he should be released. ECF 133.

Although the Government conceded and the Court found that Defendant has established "extraordinary and compelling reasons" for compassionate release,[1] ECF 123, PgID 1718, the Court "may still deny relief if it finds that the 'applicable' § 3553(a) factors do not justify" release, *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020); *see* 18 U.S.C. § 3582(c)(1)(A). Section 3553(a) contains a number of factors for the Court to consider in a motion for compassionate release. After reviewing the factors, the Court finds that early release is not warranted.

First, the nature and circumstances of Defendant's offense and his history and characteristics show utter disrespect for the law. 18 U.S.C. § 3553(a)(1). As the Court

---

[1] After the Sixth Circuit remanded the case, the Government filed a supplemental brief and argued that extraordinary and compelling reasons no longer exist for Defendant's release because he refused a COVID-19 vaccine. ECF 130, PgID 1745. Although the Court would normally examine that fact, the Sixth Circuit specifically instructed the Court to review the sentencing factors. ECF 131, PgID 1767. The Court will therefore do as instructed and review the sentencing factors.

stated during sentencing, Defendant defrauded vulnerable, elderly individuals out of more than $800,000. ECF 80, PgID 1298. What is more, Defendant went on the lam for more than a year after the Court sentenced him to prison. *See* ECF 66; 83, PgID 1313. These facts together show that Defendant has no respect for the law, and no desire to rehabilitate himself.

Second, Defendant's 168-month sentence is necessary given the seriousness of his offense. 18 U.S.C. § 3553(a)(2). Here, Defendant has served about a third of his sentence. ECF 60, PgID 314. Since Defendant has not even served half of his prison time, release now would in no way "provide just punishment for the offense[,]" deter criminal conduct, or "promote respect for the law[.]" § 3553(a)(2)(A)–(B). Defendant showed more than a year of disregard for the law when he decided to become a fugitive. Simply put, early release would not afford just punishment for Defendant's crime. § 3553(a)(2)(A).

In short, releasing Defendant now would mean that the Court would reduce his sentence by more than eight years, and that would inadequately deter Defendant or the public at large. *See United States v. Miracle*, No. 18-20422, 2021 WL 62179, at *3 (E.D. Mich. Jan. 7, 2021) (determining that reducing a defendant's sentence by two years would not promote adequate deterrence). Put another way, Defendant began his sentence roughly five and a half years ago, ECF 83, and releasing Defendant now would not sufficiently reflect the significance of his reprehensible criminal activity.

Third, although Defendant has several health issues he is being adequately treated in prison. Of note, Defendant seems to base his medical fears on the COVID-19 pandemic. *See generally* ECF 118, 133. If he were that concerned about the disease, then he would have accepted a COVID-19 vaccination. But Defendant *refused* a COVID-19 vaccination in February 2021. ECF 130-3, PgID 1763. All told, Defendant's prison is adequately treating his medical conditions, and if Defendant's COVID-19 concerns are as pressing as he says, then he should strongly consider accepting a COVID-19 vaccination.

Fourth, the Court sentenced Defendant to 168 months' imprisonment. ECF 60, PgID 314. The 168-month sentencing is within the guideline range of 135 to 168 months' imprisonment. ECF 80, PgID 1292–93. Because releasing Defendant now would reduce his imprisonment to less than 70 months, well below the Guideline range, "the established sentencing range counsels strongly against" Defendant's request. *United States v. Jackson*, No. 11-20551, 2020 WL 7767945, at *4 (E.D. Mich. Dec. 30, 2020) (citing 18 U.S.C. §§ 3553(a)(4), 3582(c)(1)(A)).

In all, the Court has considered all the § 3553(a) factors, and the sentencing factors strongly outweigh the "extraordinary and compelling reasons" that Defendant has otherwise presented. Thus, compassionate release is not warranted in the present case.

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion for compassionate release [118] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's supplemental motion for compassionate release [133] is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: May 11, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 11, 2021, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager