UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

D-1 ALBERT GREER, SR.,

        Defendant.

Case No. 2:13-cr-20110-1

HONORABLE STEPHEN J. MURPHY, III

_____/

## ORDER DENYING DEFENDANT'S
## MOTION FOR RECONSIDERATION [137]

Defendant moved for reconsideration of the Court's order that denied compassionate release. ECF 137. But before Defendant moved for reconsideration, he filed a notice of appeal. ECF 135. Generally, "[f]iling a notice of appeal with the district court divests the district court of jurisdiction to act in a case, except on remedial matters unrelated to the merits of the appeal." *United States v. Walls*, 455 F. Supp. 3d 461, 463 (E.D. Mich. 2020) (Cleland, J.) (citing *Fort Gratiot Sanitary Landfill, Inc. v. Mich. Dep't of Nat. Res.*, 71 F.3d 1197, 1203 (6th Cir. 1995)). But the "[m]otion for [r]econsideration may be denied pursuant to Federal Rule of Criminal Procedure 37, which states '[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: . . . deny the motion . . . .'" *United States v. Pratt*, No. 16-CR-20677-5, 2021 WL 289551, at *2 (E.D. Mich. Jan. 28, 2021) (omissions in original) (quoting Fed. R.

1

Crim. P. 37). The Court will deny the motion for reconsideration under Criminal Rule 37.

To succeed on a motion for reconsideration, "[t]he movant must not only demonstrate a palpable defect by which the Court . . . [has] been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). A palpable defect is one that is "obvious, clear, unmistakable, manifest, or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). The Court will not grant a motion for reconsideration if it "merely present[s] the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010) (citation omitted).

Defendant asserted that the Court erred by "failing to perform a holistic review of the circumstances of [Defendant's] case." ECF 137, PgID 1834. Put differently, Defendant argues that the Court did not properly consider the factors of his case, the sentencing factors, arguments about the guideline range, and other sentences given to other individuals. *See id.* But the Court already considered the sentencing factors when it ruled on the motion for compassionate release. ECF 134, PgID 1824–26. If Defendant has asserted the Court misapplied the sentencing factors, then the argument lacks merit. The Court adequately weighed the factors in its prior order. *Id.* And the Court cannot grant a motion for reconsideration "that merely presents the same issues ruled upon by the Court." E.D. Mich. L.R. 7.1(h)(3).

Finally, Defendant's argument that he should be released due to the amended sentencing guidelines lacks merit. ECF 137, PgID 1837. Defendant argues that his new sentencing range would be 108–135 months. *Id.* But he acknowledges that he has not yet served six years (72 months) of his sentence. *Id.* at 1834. Thus, Defendant has not come close to serving a Guidelines sentence, let alone his actual sentence of 168 months, and the § 3553(a) factors do not support his release. The Court will therefore deny the motion for reconsideration.

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion for reconsideration [137] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **STRIKE** the Government's response, ECF 138, from the record because a party may not respond to a motion for reconsideration without leave of the Court. *See* E.D. Mich. L. Crim. R. 12.1; E.D. Mich. L.R. 7.1(h)(2).

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: June 17, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 17, 2021, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager

3