UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

Case No. 2:13-cr-20110-1

HONORABLE STEPHEN J. MURPHY, III

v.

ALBERT GREER, SR,

        Defendant.

_____/

**ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT'S MOTION FOR REDUCED
SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A) [181]**

Defendant Albert Greer, Sr. moved for a sentence reduction because of his alleged need for a kidney transplant, among other health concerns. ECF 181. The Government opposed Greer's motion. ECF 187. It argued that Greer's request was improperly brought as a motion for a sentence reduction, and that Greer did not meet the requirements for a reduction. *See* ECF 187. For the reasons explained below, the Court will grant Greer's motion in part by modifying Greer's original sentence. The Court will order Greer's immediate release from MCFP Springfield so that he may seek a transplant. In doing so, the Court will give Greer a time served sentence and place him on supervised release for three years with one of the conditions of release being Home Incarceration. But the Court will deny Greer's motion to the extent he requested appointment of counsel and appointment of an expert witness to assist and support his motion.

1

## BACKGROUND

A jury convicted Greer of bank fraud and conspiracy to commit bank fraud in 2014. ECF 50. Greer received a sentence of 168 months' imprisonment. ECF 60, PgID 314. The Court ordered Greer to report to prison in September 2014, but he failed to do so, and the Court issued a warrant for his arrest. ECF 66. After roughly a year on the run, Greer was captured. ECF 83, PgID 1313. Greer is currently confined at the U.S. Medical Center for Federal Prisoners in Springfield, Missouri (MCFP Springfield). ECF 187, PgID 2167–68.

Greer first moved for a sentence reduction under the First Step Act, 18 U.S.C. § 3582(c)(1)(A) in 2020. ECF 118. The Court denied Greer's motion on the grounds that Greer, despite his serious medical conditions, was a danger to the community. *See* ECF 123. After the Court issued its order, Greer moved for reconsideration, ECF 125, and the Court denied relief. ECF 127. Greer then appealed. ECF 128.

The Government moved to remand the case while it was on appeal to the Sixth Circuit. ECF 131, PgID 1766. The Sixth Circuit in turn granted the motion and vacated the Court's order because of a change in case law after the Court denied the motion for compassionate release. *Id.* at 1767. On remand, the Sixth Circuit instructed the Court to decide whether the sentencing factors under 18 U.S.C. § 3553(a) favored Greer's release. ECF 131, PgID 1767. After the remand, Greer filed a supplemental motion for a sentence reduction and reiterated his argument for release. ECF 133. The Court, after considering the sentencing factors, denied Greer's motion. ECF 134.

Three years later, Greer again moved for a sentence reduction. ECF 181. In his motion, Greer argued the Court should reduce his sentence because the Bureau of Prisons (BOP) allegedly refused to provide him with a necessary kidney transplant. *Id.* at 2111. According to Greer, his need for a transplant, his other serious medical conditions, his low likelihood of recidivism, and time served to date supported a sentence reduction. *Id.* at 2113–22. And as an alternative to a sentence reduction, Greer proposed that the Court modify his remaining sentence to home confinement so that he can access the medical care he needs outside of the BOP. *Id.* at 2122–23. Finally, Greer requested appointment of counsel and a medical expert to assist with his motion. *Id.* at 2123–24, 2129.

The Government responded that Greer should have brought claims related to his kidney transplant as an Eighth Amendment violation or a habeas petition, and not as a motion for a sentence reduction. ECF 187, PgID 2173. In addition, the Government posited that because Defendant receives adequate treatment for his conditions in the correctional facility, and because the statutory sentencing factors do not weigh in favor of his release, the Court should deny his motion. *Id.* at 2175–81.

As explained below, the Court will grant Greer's motion in part by modifying his sentence to time served and placing him on supervised release for three years. But the Court will order as a term of Greer's supervised release that Greer be placed on Home Incarceration for 180 days following his discharge from MCFP Springfield. In addition, Greer's Probation Officer has discretion to order Greer to wear location

monitoring technology as part of his release. The cost of the location monitoring technology will be waived for Greer. To note, violations of the terms of his release may result in Greer's return to prison. The Court will also deny Greer's requests for appointment of counsel and a medical expert.

## LEGAL STANDARD

Federal law generally prohibits courts from modifying sentences once they are imposed. *See* 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Ruffian*, 978 F.3d 1000, 1003 (6th Cir. 2020). But the prohibition is not absolute. 18 U.S.C. § 3582(c)(1)(A) permits Defendants to move for sentence reductions, commonly referred to as motions for "compassionate release." *United States v. Hopkins*, 594 F. Supp. 3d 852, 855 (E.D. Mich. 2022); *United States v. Jones*, 980 F.3d 1098, 1104 (6th Cir. 2020). That is, upon a defendant's motion, a court "may reduce the term of imprisonment . . . after considering the factors set forth in § 3553(a) to the extent they are applicable, if the court finds that (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).[1]

In interpreting the statute, the Sixth Circuit enumerated a three-part test for granting compassionate release. First, a defendant must show that "extraordinary

---

[1] For a court to consider a compassionate release motion, the defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or thirty days must lapse from the receipt of defendant's request to the BOP by the warden of defendant's facility, "whichever

4

and compelling reasons warrant such a reduction." *United States v. Gordon*, No. 23-3188, 2024 WL 1005772, at *2 (6th Cir. Mar. 4, 2024). Second, the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*² Third, the § 3553(a) factors, to the extent they apply, must support a reduction. *Id.* Ultimately, courts have "substantial discretion" to grant or deny compassionate relief under the test. *Ruffian*, 978 F.3d at 1005; *see also* 18 U.S.C. § 3582(c)(1)(A)(i) (providing that the Court "*may* reduce the term of imprisonment") (emphasis added). A defendant's failure to meet any part of the test may warrant denial of his or her motion. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

## DISCUSSION

The Court will begin by addressing the Government's argument that Greer improperly raised his allegations regarding his requested transplant as a compassionate release motion. ECF 187, PgID 2173. According to the Government, the BOP's alleged refusal to register Greer for a kidney transplant should be a part of a constitutional claim for inadequate medical care in violation of the Eighth Amendment or a habeas petition. *Id.* at 2173–75; *see United States v. Morris*, 643 F.

---

is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, Greer properly exhausted his administrative rights to appeal. *See* ECF 181, PgID 2112, 2134.

² Previously, the Sixth Circuit held that this part of the test only applied to motions brought by the BOP on behalf of Defendants and not those Defendants brought on behalf of themselves, as the Sentencing Commission had not modified the guidelines for defendant-brought motions. *See Bass*, 17 F.4th at 635 n.2; *see also United States v. Owens*, 996 F.3d 755, 759 n.2 (6th Cir. 2021). But since the Sentencing Commission "adopted a policy statement addressing compassionate-release motions brought by defendants," this part of the test now applies to such motions. *See Gordon*, 2024 WL 1005772, at *2.

Supp. 3d 750, 753 (E.D. Mich. 2022) (noting compassionate release is "not the appropriate mechanism to raise . . . a constitutional claim"); *United States v. Pigford*, No. 20-414, 2023 WL 2285825, at *4 (E.D. Pa. Feb. 28, 2023) (compassionate release "is not meant as a work around to address . . . alleged inadequate medical treatment"). And the "ordinary remedy for ongoing, constitutionally inadequate care is an order that does not allow such constitutional violations to continue," not early release. *United States v. Miller*, No. 15-cr-00471, 2021 WL 2711728, at *4 (N.D. Ca. July 1, 2021) (cleaned up).

      To fit into the framework of an Eighth Amendment violation, Greer would have to show that the BOP's policy regarding transplants, in effect, deliberately ignored his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 102, 104 (1976) (discussing inadequate medical care claims). And for a habeas petition, Greer must challenge the "very fact or duration of his physical imprisonment" such that the only relief is immediate or speedier release from prison. *Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007).

      But the BOP is not ignoring Greer's serious medical needs. Rather, the system it has in place for transplants appears to make it constructively impossible for Greer to seek a transplant while serving the remainder of his sentence in prison. That is, medical staff at MCFP Springfield followed BOP-established guidelines regarding organ transplants for prisoners when it evaluated Greer's request. ECF 187-3, PgID 2201. Under the guidelines, unless a transplant is medically urgent, a prisoner must have more than two years remaining on their sentence to initiate a transplant

6

"workup." *Id.* And once a prisoner completes the transplant workup, they still typically spend five-to-seven years on the wait list for the BOP's contracted transplant facility. *Id.* Because Greer is eligible for home confinement on March 8, 2026, *id.*, with a projected release date of September 8, 2026, *id.*, ECF 181, PgID 2117, the window does "not leave him enough time before his anticipated release to complete the lengthy transplant process" because Greer's transplant is not considered "medically urgent." ECF 187-3, PgID 2201. Considering Greer apparently may only apply for a transplant, undergo a transplant evaluation, and place himself on an organ waitlist through the BOP, and not through an outside provider, the BOP's policy leaves Greer in limbo up until his eligible home confinement date at the earliest, or his projected release date at the latest.

Further, as explained below, Greer's claim regarding his transplant presents an extraordinary and compelling reason for relief. Thus, the Court disagrees with the Government that the only proper vehicles for Greer's transplant allegations are through an Eighth Amendment claim or a habeas petition. And it is not clear that Greer could even bring viable claims through those means. MCFP Springfield staff did not deliberately ignore Greer's serious medical needs but addressed them to the extent that they could under BOP policies. To add, Greer did not challenge the sentence itself, and a habeas petition would therefore be improper.

The Government's argument that venue is improper also fails. Claims for Eighth Amendment violations related to prison conditions belong in the federal district where the defendant is incarcerated. *See Burton v. Shanawar*, No. 15–cv–

7

10163, 2015 WL 400972, at *1 (E.D. Mich. Jan. 28, 2015) (Murphy, J.); *see also Wood v. Brown*, No. 20-CV-12576, 2021 WL 2311930, at *5 (E.D. Mich. June 7, 2001). Because Greer is incarcerated in Springfield, Missouri, the Government argued the proper venue for an Eighth Amendment condition of confinement claim would be the Western District of Missouri. But the Court already established that Greer may base his compassionate release motion on his kidney transplant claims. And venue is proper here because the United States District Court for the Eastern District of Michigan sentenced Greer to his current term of imprisonment. ECF 60, PgID 313 (judgment); *Heard v. Quintana*, 184 F. Supp. 3d 515, 521 (E.D. Ky. 2016) (noting that a motion for compassionate release "must be undertaken in the court where the prisoner was sentenced.").

The Court now turns to whether Greer's allegations entitle him to compassionate release. Because Greer presented extraordinary and compelling reasons to modify his sentence, and because the § 3553(a) factors support his release, the Court will adjust his sentence accordingly. The Court will also address below Greer's request for the Court to appoint counsel and his request for an expert witness to support his compassionate release motion; the Court will deny both.

I. <u>Extraordinary and compelling reasons warrant a sentence modification</u>

Congress delegated the task of defining "extraordinary and compelling" to the Sentencing Commission. *Ruffian*, 978 F.3d at 1004. In 2023, the Sentencing Commission promulgated a policy statement that defined extraordinary and compelling reasons for when defendants moved for compassionate release on their

8

own behalf. *United States v. Putty*, No. 9-cr-2, 2024 WL 3066913, at *2 (W.D. Ky. June 20, 2024). The Court will thus consider whether Greer's reasons for a sentence reduction are extraordinary and compelling, consistent with the Sentencing Commission's policy statements, and thereby warrant compassionate release. Presence of any one of the Sentencing Commission's listed extraordinary and compelling reasons, or a combination thereof, supports release. *See* § 1B1.13(b).

Greer argued that his end-stage renal disease and his corresponding need for a kidney transplant necessitate his release under 28 U.S.C. § 3582. ECF 181, PgID 2111. Greer claimed that he suffers from a terminal illness, his end-stage renal disease, that "substantially and permanently diminished his ability to provide self-care in a prison setting," and that the only cure or treatment that "promise[s] substantial improvement" is a kidney transplant. ECF 181, PgID 2123; *see* § 1B1.13(b)(1)(A)–(B). And because the BOP continues to deny the transplant, Greer faces a risk of "serious deterioration in health and quality of life." *Id.* at 2113; § 1B1.13(b)(1)(C).

Based on Greer's arguments, the Court finds that Greer's need for a kidney transplant, and his inability to seek one while incarcerated due to procedural hurdles, presents an extraordinary and compelling reason to modify Greer's sentence. At present, Greer's current dialysis regimen only treats, but does not stop, the progression of Greer's end-stage renal disease, whereas a kidney transplant offers a cure. ECF 181, PgID 2111; ECF 187-6, PgID 2615. And the BOP's policy in practice means Greer could lose over a year on a non-BOP waitlist for a transplant. Given the

9

severity of Greer's end-stage renal disease and the fact that he requires dialysis daily, ECF 181, PgID 2111, 2118, that year could be consequential to Greer's long-term quality of life.

What is more, the Court previously determined that Greer's chronic kidney disease, among his other underlying conditions, qualified as an extraordinary and compelling reason for release. ECF 123, PgID 1718–19. That decision came four years ago. Since then, Greer's chronic kidney disease has progressed to end-stage renal disease that requires dialysis. ECF 187-6, PgID 2615. Although Greer can manage his disease on his own, the disease's progression indicates that a more permanent solution is necessary.

The Government suggested some of Greer's medical concerns are self-inflicted and thereby render his claims neither extraordinary nor compelling. Specifically, the Government pointed to Greer's refusal of medication for his other conditions and his decision to opt out from the COVID-19 vaccine. ECF 187, PgID 2175–78. But ultimately Greer's decisions do not detract from the severity of his underlying end-stage renal disease, which requires significant, daily treatment and a kidney transplant if Greer wants it cured. Thus, the Court determines that Greer has presented extraordinary and compelling reasons to justify a sentence modification, notwithstanding the Government's opposition.

II. <u>The § 3553(a) factors weigh in favor of modifying Greer's sentence</u>

Even if extraordinary and compelling reasons exist for a sentence reduction, the district court may "still deny relief if it finds that the 'applicable' § 3553(a) factors

do not justify it." *Ruffian*, 978 F.3d at 1005. The defendant carries the burden to show that the sentencing court's analysis of the § 3553(a) factors would be "different if conducted today" than at the time of sentencing. *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021). As explained below, the Court finds that the § 3553(a) factors weigh in favor of Greer's release. Despite the severity of Greer's offense, Greer has already served the majority of his sentence in prison. And he will still be subject to the terms of supervised release, including 180 days of Home Incarceration. Ultimately, the BOP's procedural hurdles should not unnecessarily delay Greer's attempts to procure a transplant.

   a. *Nature and Circumstances of the Offense*

The Court previously found that the nature and circumstances of Greer's offense did not support release. *See* ECF 134, PgID 1824–25. Not only did Greer defraud vulnerable, elderly individuals out of $800,000, ECF 80, PgID 1298, but he also refused to turn himself in to prison for more than a year after his conviction. ECF 66; 83, PgID 1313. Because Greer presented no reason why the Court should reconsider its decision, the nature and circumstances of Greer's offense still weigh against release.

   b. *History and Characteristics*

Greer's end-stage renal disease requires that he administer to himself peritoneal dialysis daily, with failure to do so causing him significant pain. *See* ECF 181, PgID 2118–19. Thus, considering the severity of his disease and the effort

11

involved in managing it, the Court does not believe he is likely to commit other crimes upon release. This factor weighs in favor of Greer's motion.

### c. *Need for Sentence to Reflect the Seriousness of the Offense*

Greer alleged he already served 75% of his sentence, ECF 181, PgID 2119; the Government countered Greer has served closer to 65% of his sentence, ECF 187, PgID 2179. According to the Government, if the Court curbed his sentence now to beneath the guideline range, then the Court would render his crimes insufficiently serious. ECF 187, PgID 2181. That is, the fact that Greer served as the leading figure in a major mortgage fraud conspiracy and ran from the law when it came time to submit to his sentence warrants further incarceration to reflect the severity of Greer's offense. *Id.* at 2181–82. The Court agreed with similar arguments by the Government in denying Greer's previous motions for sentence reductions. ECF 134, PgID 1824–25.

But the last time the Court evaluated a motion to reduce Greer's sentence, Greer had only served one-third of his 168-month sentence. ECF 134, PgID 1825. Today, Greer has served the majority of his sentence. In addition, he will be released on home confinement as early as March 2026, and has a projected release date of September 8, 2026. Both dates are roughly within a year to a year-and-a-half. Plus, the terms of Greer's supervised release, including Home Incarceration, will still serve as a sufficient deterrent for criminal behavior. Thus, the Court finds this factor weighs in favor of Greer's motion.

d. *Need to Provide Greer with Educational/Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner*

Greer asserted his end-stage renal disease will deteriorate to the point that he is unable to care for himself adequately and will require near-daily interventions. ECF 181, PgID 2120–21. And without a transplant, or the opportunity to undergo an evaluation and register on a wait list, Greer faces increasingly diminished health prospects. *Id.* at 2111. This factor thus weighs in favor of Greer's motion.

e. *The Need to Avoid Unwarranted Sentencing Disparities*

Greer did not argue that his sentence is disproportionate to other sentences nationwide for the same or similar crimes. As a result, this factor is neutral.

f. *Consideration of Available Sentences*

A modification of Greer's sentence to time served allows him to avoid the transplant purgatory he now faces. And Greer has a place to go—Greer informed the Court that he intends to reside with his daughter in Oak Park, Michigan upon release. ECF 181, PgID 2123. Because of Greer's condition, his inability to register for the transplant waitlist outside of the BOP, and his low recidivism risk, the Court finds it appropriate to modify Greer's sentence to time served with three years of supervised release. 18 U.S.C. § 3582(c)(1)(a) ("The court . . . may reduce the term of imprisonment (and may impose a term of . . . supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment . . . ."). In doing so, the Court will impose an additional condition of release, 180 days on Home Incarceration. And Greer's Probation Officer will have discretion to order Greer to wear location monitoring technology. These conditions of

Greer's release will deter Greer from criminal conduct and protect the public while Greer readjusts to life outside of prison.[3]

III. Appointment of Counsel

Greer requested the Court appoint counsel from the Federal Public Defender's office to assist Greer with his motion. ECF 181, PgID 2124. But a prisoner does not have a postconviction right to counsel in seeking compassionate release. *See United States v. Morris*, 643 F. Supp. 3d 750, 753 (E.D. Mich. 2022) (noting a prisoner's "postconviction right to counsel extends to only the first appeal of right and no further"). Although a district court may appoint counsel at its discretion, it should only do so if the "interests of justice or due process so require." *Id.* at 754. Here, Defendant's compassionate release motion is fully briefed, and the Court is going to grant Greer's request for a sentence modification. Thus, it is not apparent to the Court what benefit counsel might add. As a result, the Court will deny Defendant's motion to appoint counsel.

IV. Request for Medical Expert

Likewise, Greer requested that the Court authorize his engagement of medical expert Charles M. Howard, M.D., at the Court's/CJA's expense, to support Greer's motion for compassionate release. ECF 181, PgID 2129. But because the Court

---

[3] To note, Greer requested home confinement for the remainder of his sentence as an alternative to release. The Court, however, is unable to "dictate where [a] sentence is to be served. Where an inmate is placed and how much of his sentence is served there is ultimately within the BOP's discretion. 18 U.S.C. § 3621(b)." *United States v. Brenner*, No. 21 CR 772, 2025 WL 253353, at *2 (N.D. Ohio Jan. 21, 2025). But the Court may impose a special condition of release, including Home Incarceration, which it will do here.

14

granted Greer's request for a sentence modification in part, his request is moot. Therefore, the Court will deny his request.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Greer's Motion for Reduced Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) [181] is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that Greer's sentence is reduced to time served on both counts to run concurrently with a three-year period of supervised release on both counts to run concurrently. All previously imposed standard and special conditions of supervised release remain effect.

**IT IS FURTHER ORDERED** that as a condition of Greer's supervised release, Greer will be placed on home incarceration. You will be monitored by the form of location monitoring technology, at the discretion of the probation officer, for a period of 180 consecutive days, and you must follow the rules and regulations of the location monitoring program. You are restricted to your residence at all times except for medical necessities and court appearances or other activities specifically approved by the Court. The Court waives the costs of the location monitoring program.

**IT IS FURTHER ORDERED** that Greer's request for the Court to appoint counsel is **DENIED**.

**IT IS FURTHER ORDERED** that Greer's Ex parte Request for Authorization to Engage Medical Expert For Compassionate Release Motion is

15

**DENIED AS MOOT**.

    **SO ORDERED.**

                                          s/ Stephen J. Murphy, III
                                          STEPHEN J. MURPHY, III
                                          United States District Judge

Dated: February 14, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 14, 2025, by electronic and/or ordinary mail.

                                          s/ R. Loury
                                          Case Manager